UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID BLANKS AND RHONDA BLANKS PLAINTIFFS

VS. CIVIL ACTION NO. 4:05CV137LN

LOCKHEED MARTIN CORPORATION; JACK JOHNS; ;STEVE COBB; THE ESTATE OF DOUGLAS WILLIAMS, BY AND THROUGH ITS ADMINISTRATOR DERIK SCOTT WILLIAMS; JOHN DOES 1-10; AND XYZ PROFESSIONAL ASSOCIATIONS 1-10 DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the court on plaintiffs' motion to remand pursuant to 28 U.S.C. § 1447. Defendants Lockheed Martin Corporation, Jack Johns and Steve Cobb have responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that the motion should be denied.

This is one of a number of cases filed against Lockheed Martin and company officials and against the Estate of Douglas Williams arising from a shooting rampage by Douglas Williams at the company's Meridian, Mississippi facility in July 2003 that left seven employees dead (including Williams) and a number of others wounded. According to the complaint in this cause, although plaintiff David Blanks, a Lockheed employee, was not physically injured by Williams in the shooting incident, he was

present at the plant during Williams' rampage and has suffered severe emotional injuries from what he witnessed on that occasion, for which he seeks compensation. His wife, Rhonda, seeks damages for her alleged loss of consortium.

When they first filed their complaint in state court in July 2004, plaintiffs asserted only state law claims, and specifically claims for negligence, various intentional torts, loss of consortium and vicarious liability. However, on July 18, 2005, plaintiffs filed a "Motion for Leave to File a Second Amended Complaint," and presented as "Exhibit A" to that motion a proposed "Second Amended Complaint," which, in addition to the original state law claims, asserted for the first time a claim for "Violations of 42 U.S.C. § 1981 et seq."[1] Defendants advised the court by letter they had no objection to the request to amend and presented an order for the judge's signature. An order was entered on August 8, 2005 granting plaintiffs' motion for leave to amend, following which defendants promptly removed the case to this court pursuant to 28 U.S.C. § 1446 on the basis of federal question jurisdiction as provided by 28 U.S.C. § 1331.

---

[1] Although the Blanks are both white, they presented a claim for race discrimination in violation of § 1981 premised on allegations that Williams' violence against his black co-workers was racially motivated; that Lockheed Martin knew of Williams' hatred of and threats of violence and death against his black co-workers and yet did nothing to protect them; and that David Blanks was placed in danger when he undertook to render assistance to his injured black co-workers.

It is clear, and the parties agree, that the original and first amended complaints filed by plaintiffs in state court were not removable, as there was (and is) not complete diversity of citizenship, there being Mississippi plaintiffs and defendants, and the complaint and amended complaint's presenting no federal question to support federal jurisdiction. It is equally clear that the "Second Amended Complaint" presented by plaintiffs in connection with their "Motion for Leave to File a Second Amended Complaint" does present a claim "arising under" federal law that falls within this court's original jurisdiction. See 28 U.S.C. § 1441(a) (providing that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending"); 28 U.S.C. § 1331 (stating that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Plaintiffs, however, claim that although the state court granted their motion for leave to amend, they decided, after further deliberation, not to file their Second Amended Complaint, and yet defendants, in reliance solely on the order granting the motion, removed the case.

The sole question presented by the motion to remand is whether, as defendants contend, the case became removable either at the time plaintiffs' motion for leave to amend was filed and served on defendants or at least when the court's order granting the motion was entered, or whether, as plaintiffs urge, the case never became removable because they never actually filed their Second Amended Complaint, which is to say, they only proposed to file, but never actually filed any pleading asserting a federal claim.

As defendants note, 28 U.S.C. § 1446(b) states,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. . . .

Defendants submit that at the time they removed the case, plaintiffs' intent to pursue federal claims was manifest from plaintiffs' motion for leave to amend, which had been served on defendants along with a copy of a proposed Second Amended Complaint that asserted a federal claim for relief, and from the state court's order, which granted the plaintiffs' motion. Thus, according to defendants, within the thirty days preceding removal, they had received "a copy of an amended pleading," a "motion," and an "order," from which they could readily ascertain that the case had become removable. Plaintiffs, however, submit that the case

never became removable because plaintiffs never followed through with the actual filing of an amended pleading setting forth a federal cause of action.

Given that a party who moves to amend usually does intend to amend, the dearth of case law considering this issue is perhaps not surprising. This situation, however, is not unprecedented. In Savilla v. Speedway SuperAmerica, LLC, 91 Fed. Appx. 829, 2004 WL 98815 (4th Cir. 2004), the plaintiffs filed a wrongful death suit in state court against a nondiverse defendant in February 2000. Over two years later, on July 31, 2002, they filed a motion to amend their complaint to add an additional claim that their Fourteenth Amendment rights of equal and due process had been violated. 2004 WL 98815, at 1. They filed the motion, along with an accompanying document styled "Second Amended Complaint," which was signed by counsel and reflected a "FILED" stamp showing the same filing date as the motion. An order was entered by the state court on August 7, 2002 granting the motion to file the Second Amended Complaint. Id. The order authorized counsel to accept service on their clients' behalf, and directed that the defendants had thirty days to file motions to dismiss. Id. Defendants immediately removed. Id. The plaintiffs moved to remand, arguing, just as do the plaintiffs herein, that removal was improper because no complaint asserting a federal question had ever been filed. The district court agreed, and held that removal

was premature because at the time the notice of removal was filed, the state court had only granted leave to amend the complaint and no amended complaint had been filed. Id. The Fourth Circuit reversed, finding that the order of the state court granting the motion to amend "operated to amend the complaint." Id. at 2. The court was of the view that the plaintiffs' Second Amended Complaint had been "filed" on the same day they filed their motion to amend, and noted that the "Second Amended Complaint" was stamped as "FILED" on that date, and was shown on the state court docket sheet as having been filed that date, and that it had been served on counsel opposite that same date. Id. (citing Smith v. Ins. Co. of N. Am., 30 F.R.D. 540, 542 (M.D. Tenn. 1962) as "interpreting Fed. R. Civ. P. 15(a), which is identical to the West Virginia rule applicable here, and holding that when proposed amendments were served on the opposing party, a court order allowing the amendments operated to amend the pleadings; no further action by the party granted leave to amend was required."). See also Sullivan v. Conway, 157 F.3d 1092, 1094-95 (7th Cir. 1998) (concluding that case became removable with the state court's granting of a motion to amend to add federal claim for relief); Neal v. Trugreen Ltd. Partnership, 886 F. Supp. 527, 528 (D. Md. 1995) (stating that "[t]he removable action itself need not have been filed before a petition for removal is timely," and thus concluding that case became removable when plaintiffs

filed motion to dismiss in state court explicitly informing defendants that federal claim would be added).

As in Savilla, in the case at bar, plaintiffs' proposed "Second Amended Complaint" was stamped "FILED" by the state court clerk, at plaintiffs' counsel's explicit request, and was served on counsel opposite.[2] The court agrees with the court's reasoning in Savilla that the state court's subsequent order which authorized plaintiffs' second amended pleading "operated to amend the complaint" without the necessity of further action by plaintiffs. 2004 WL 98815, at 2.

One would certainly suppose that by asking to amend, or for leave to amend, plaintiffs fully intended that the amended pleading they submitted be filed as their pleading. Prior to moving for leave to amend, they presumably had already determined that they wanted to file an amended complaint, which is what prompted them to move the court to allow their amended pleading, a pleading they had already prepared and presented for the court's

---

[2] The document styled "Second Amended Complaint" was signed by plaintiffs' counsel, though counsel now disavows any intention of having signed it, explaining in an affidavit accompanying the remand motion that he signed it in error; yet nowhere in this affidavit does he address the fact that he specifically requested of the Circuit Court Clerk that the pleading be stamped "Filed," which it was. Plaintiffs' counsel's request that the Second Amended Complaint be stamped "filed" appears inconsistent with an assertion that counsel did not intend to sign the pleading (or his assertion that he did not intend that it be filed). In this court, and presumably in state court as well, an unsigned pleading will not be accepted for filing.

consideration as their Second Amended Complaint. That plaintiffs, for whatever reason, may have thereafter changed their minds about this does not change the fact that they had done all that was strictly necessary to effect an amendment prior to defendants' removal. Thus, defendants' removal was proper and jurisdiction is proper in this court. Accordingly, it is ordered that plaintiffs' motion to remand will be denied.

The docket sheet reflects that there is pending a motion for partial summary judgment by defendants, to which there has been no response by plaintiffs, owing to the magistrate judge's order staying further proceedings pending a ruling on the remand motion. Plaintiffs' response to that motion will be due on or before May 10, 2006, following which defendants shall have the usual five days for any rebuttal submission.

SO ORDERED this 25th day of April, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE