UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DAVID BLANKS AND RHONDA BLANKS                          PLAINTIFFS


VS.                                  CIVIL ACTION NO. 4:05CV137LR


LOCKHEED MARTIN CORPORATION;
JACK JOHNS; STEVE COBB; THE ESTATE
OF DOUGLAS WILLIAMS; JOHN DOES 1-10;
ABC COMPANIES 1-10; AND XYZ
PROFESSIONAL ASSOCIATIONS 1-10                          DEFENDANTS

<u>ORDER</u>

This cause is before the court on the motion of defendant
Lockheed Martin, Jack Johns and Steve Cobb for summary judgment
pursuant to Rule 56 of the Federal Rules of Civil Procedure.
Plaintiffs David Blanks and Rhonda Blanks have responded in
opposition to the motion and the court, having considered the
memoranda of authorities, together with attachments, submitted by
the parties, concludes that the motion is well taken and should be
granted.  In the court's opinion, the effort of these plaintiffs
to demonstrate that the shootings and killings at the Lockheed-
Martin plant by Douglas Williams were intentional acts by
Lockheed-Martin, excepted from application of the exclusivity
remedy provision of the Mississippi's the Workers' Compensation
Act fares no better than the efforts of others who have similarly
sought to avoid the exclusivity bar by characterization of
Lockheed-Martin's failure to prevent the shootings as intentional.

See <u>Tanks v. Lockheed Martin Corp.</u>, 417 F.3d 456 (5th Cir. 2005) (proof that Lockheed-Martin failed to act for worker's protection in the face of substantial knowledge that Williams harbored extreme racial hatred, desired to inflict harm against his black co-workers, had explicitly threatened such harm and routinely brought loaded guns in his truck to work did not support characterization of Lockheed-Martin's actions as "intentional" so as to avoid the exclusivity bar); <u>Bailey v. Lockheed Martin Corp.</u>, 2005 WL 4020765, *4 (S.D. Miss. 2005) (dismissing claims of forty-six plaintiffs, including heirs of worker killed by Williams, two workers who were shot by Williams but survived, several workers who were injured attempting to exit the plant, workers who witnessed the shootings but were not physically assaulted, and workers who were not present at the plant but were traumatized upon hearing of the shootings, because "notwithstanding plaintiffs' best efforts, no amount of artful characterization by plaintiffs in their attempt to avoid the exclusivity bar can transform conduct that may well have been grossly negligent or reckless into the kind of 'intent to injure' needed to avoid the bar," and, as to those claiming recovery for emotional trauma suffered from witnessing the shootings, for the additional reason that they had no viable claim for "bystander" recovery because "the injured workers were merely these plaintiffs' co-workers, and not their close relatives."); <u>McCall</u>

v. Lockheed Martin Corp., Civil Action No. 4:04CV122LN (S.D. Miss.
Aug. 26, 2006) (dismissing claim on behalf of worker shot and
killed by Williams because "[p]laintiffs' characterization of
Lockheed's actions and inaction in their attempt to avoid the
exclusivity bar cannot transform conduct that may well have been
grossly negligent or reckless into the kind of 'intent to injure'
needed to avoid the bar."); Scott v. Lockheed-Martin Corp., Civil
Action No. 4:04CV128LN (S.D. Miss Aug. 26, 2005) (dismissing suit
by worker shot by Williams holding that "[p]laintiff's
characterization of Lockheed's actions and inaction in their
attempt to avoid the exclusivity bar cannot transform conduct that
may well have been grossly negligent or reckless into the kind of
'intent to injure' needed to avoid the bar."); Bradley v. Lockheed
Martin Corp., Civil Action No. 4:04CV125LN (S.D. Miss. Aug. 26,
2005) (dismissing suit by worker alleging he was traumatized by
witnessing Williams' shooting of fellow workers, "because
notwithstanding plaintiffs' best efforts, no amount of artful
characterization by plaintiffs in their attempt to avoid the
exclusivity bar can transform conduct that may well have been
grossly negligent or reckless into the kind of 'intent to injure'
needed to avoid the bar," and that plaintiff had no viable
"bystander" claim in any event "because he witnessed this
traumatic event, and not because he was himself violated in any

3

way, other than being in proximity to harm."); <u>Price v. Lockheed</u> <u>Martin Corp.</u>, 4:04CV123LN (S.D. Miss. Aug. 26, 2005) (same).

As this court recognized in each of its opinions, the reason Lockheed's actions and inaction which allegedly led to or caused Williams' rampage are not "intentional" is because Lockheed did not have an actual intent to injure:

> Plaintiff's contention that Thomas Willis's death was caused by Lockheed-Martin's "intentional" failure to protect Willis is grounded on her allegation that Lockheed-Martin took no action to protect Willis and his co-workers even though it was keenly aware that the assailant, Williams, was an emotionally disturbed individual who was consumed with racial hatred, and knew that Williams desired to inflict harm against his black co-workers and knew that Williams routinely brought loaded guns in his truck to work.
>
> Plaintiff's assertion that Lockheed-Martin's failure to act for Willis's protection in the face of all this information is properly considered an "intentional" tort so that the exclusivity bar is inapplicable finds no support in the law.  The Mississippi Supreme Court has consistently held that "[A] mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy provisions of the Act.  There must be a finding of an "actual intent to injure."  Reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the Act.  <u>Peaster v. David</u> <u>New Drilling Co.</u>, 642 So. 2d 344, 348, 349 (Miss. 1994). <u>Blailock v. O'Bannon</u>, 795 So. 2d 533, 537 (Miss. 2001); <u>see</u> <u>also</u>  <u>Peaster v. David New Drilling Co.</u>, 642 So. 2d 344, 348, 349 (Miss. 1994) (holding that "in order for a willful tort to be outside the exclusivity of the Act, the employee's action must be done 'with an actual intent to injure the employee.").

<u>Bailey</u>, 2005 WL 4020765, at *4 (citing district court's <u>Tanks</u> opinion).  In the Fifth Circuit's opinion in <u>Tanks</u>, the court acknowledged Tank's argument that "she may be able to demonstrate

4

that Lockheed intended for Willis's injury to happen, and that this intent of the employer is sufficient to remove the case from the exclusivity bar of the MWCA." 541 F.3d at 467 n.40. The court rejected this argument, stating, "The Mississippi Supreme Court has never held that an employer, even with actual notice of a third party's intent to harm an employee, is strictly liable for the acts of that third party on the employer's premises outside the confines of the MWCA." Id. (citing Newell v. S. Jitney Jungle Co., 830 So. 2d 621, 624 (Miss. 2002)(holding employer not liable to employee shot at work by her husband, despite actual notice to the employer of the estranged husband's threats to harm the employee, as the court refused to impose strict liability on businesses for injuries inflicted by third parties on employees)).

This court further pointed out in each of these opinions that around the time of its decision in Tanks, the Mississippi Court of Appeals in Thornton v. W.E. Blain & Sons, Inc., 878 So. 2d 1082, 1086 (Miss. Ct. App. 2004), clearly reaffirmed the "intent to injure" standard, stating:

> Thornton also urges this Court to adopt the "substantial certainty" standard, which allows an injured worker to circumvent the exclusivity provision of the Workers' Compensation Law in those instances where the employer engages in misconduct knowing that death or serious injury is "substantially certain to occur." Woodson v. Rowland, 329 N.C. 330, 407 S.E.2d 222, 228 (1991). As Blain points out, the Mississippi Supreme Court already has declined to create a "substantial certainty" exception to the exclusivity provision of the Act, stating:

5

> There is nothing novel about the approach suggested by the appellants of enlarging the scope of the exemption test.  We have stated consistently our position on this issue.  The legislature has had every opportunity to include into the Act such a liberal exception suggested by the appellants, yet failed to do so.  If this Court were to include what the legislature did not, we would violate the "purpose, spirit and philosophy of the Workmen's Compensation Act."
>
> Peaster v. David New Drilling Co., Inc., 642 So. 2d 344, 349 (Miss. 1994) (quoting Brown v. Estess, 374 So. 2d 241, 242 (Miss. 1979)).

Bailey, 2005 WL 4020765, at *5.  Although the Blanks attempt to distinguish their claims from those of other plaintiffs that have heretofore been dismissed, the simple fact is, for all relevant purposes, the claims are the same, and do not involve conduct on the part of Lockheed that could fairly qualify as "intent to injure."

Accordingly, it is ordered that Lockheed's motion to dismiss is granted.

SO ORDERED this 23rd day of June, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE

6